UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY L. PANSIER and
JOAN R. PANSIER,

        Appellants,

        v.                          Case No. 19-C-1431

UNITED STATES OF AMERICA,

        Appellee.

**DECISION AND ORDER**

In this bankruptcy appeal, Appellants Gary and Joan Pansier seek review of a decision of the United States Bankruptcy Court for the Eastern District of Wisconsin, which denied Appellants' request for damages under 11 U.S.C. § 362(k) based on the Internal Revenue Service (IRS) prematurely issuing its February 22, 2019 notice of levy on Gary Pansier's pension income and request that the IRS's February 22, 2019 notice of levy be declared void and without legal effect as a result. On appeal, Appellants argue that the Bankruptcy Court abused its discretion in reaching its decision. For the following reasons, the decision of the Bankruptcy Court will be affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellants commenced a Chapter 7 bankruptcy on March 19, 2018. At the time Appellants filed their petition, the IRS claimed Appellants owed over $250,000 in past-due income tax liabilities, for which the IRS filed notices of federal liens. On December 3, 2018, Appellee moved the Bankruptcy Court to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for the purpose of allowing the IRS to reinstate collection by levying on Gary Pansier's pension

and applying those funds to Appellants' delinquent federal income tax obligations for years 1995 through 2006 and 2014. The Bankruptcy Court held a hearing on Appellee's motion on February 20, 2019, and issued an oral ruling lifting the automatic stay to permit the IRS to collect $2,309 per month from Gary Pansier's pension. The court entered a written order in accordance with its oral ruling on February 22, 2019, and issued a memorandum and decision to support its order lifting the stay on February 25, 2019.

On February 22, 2019, the IRS issued a notice of levy to Prudential requesting the first $2,309 of each monthly pension payment. The notice of levy listed Appellants' unpaid tax liabilities for years 1995 through 2006. On April 3, 2019, the Bankruptcy Court issued an order on reconsideration lifting the stay to permit the IRS to seek to levy the pension to collect Appellants' tax liability for years 1999 through 2006 and 2014 and exclude years 1995 through 1998. The court did not modify the amount for which the IRS could seek to levy. The IRS received the first levy payment of $2,281.43 from the pension on April 8, 2019, and payments of $2,309 on May 10, 2019, June 7, 2019, and July 8, 2019. All of the funds received between April 8, 2019 and July 8, 2019 were applied to Appellants' 1999 tax year.

On July 15, 2019, Appellants filed an emergency motion seeking damages against Appellee for the IRS's violation of the automatic stay as well as a contempt order for the IRS violating the Bankruptcy Court's orders. In particular, Appellants asserted that they were entitled to damages because the IRS prematurely issued its notice of levy to Prudential in violation of Federal Rule of Bankruptcy Procedure 4001(a)(3)'s 14-day stay of the order lifting the automatic stay. *See* Fed. R. Bankr. P. 4001(a)(3) ("An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."). Appellants also maintained that Appellee should be held in contempt because the IRS levied more money from Prudential than was allowed

2

under the Bankruptcy Court's order lifting the stay and applied the levied pension payments to the years 1995 through 1998 in violation of the Bankruptcy Court's April 3, 2019 order on reconsideration. Appellants argued that the notice of levy constituted unauthorized collection activity in violation of 26 U.S.C. § 7433(a) and (b) and other regulations.

Appellee conceded in its response brief that, in light of Rule 4001(a)(3)'s 14-day stay after entry of the order lifting the stay, the IRS's February 22, 2019 notice of levy was issued prematurely but argued that Appellants failed to meet their burden of proving any actual damages as a result of the premature notice of levy, which is necessary to obtain relief. Appellee also noted that Appellants' assertion that the IRS violated the Bankruptcy Court's order by collecting more than it should from Prudential was flawed because Appellants' contention was based on an incorrect premise that the order only permitted the IRS to levy a total of $2,309.33, rather than $2,309 per month, for the duration of the bankruptcy. Appellee demonstrated that the IRS had not violated the court's order in the application of the pension funds because the funds were applied to Appellants' 1999 tax liability and not to the 1995 through 1998 years that were excluded from collection by the court's April 3, 2019 order on reconsideration.

For the first time in their reply brief, Appellants argued that the Bankruptcy Court's April 3, 2019 order on reconsideration imposed the automatic stay and therefore that order was subject to Rule 4001(a)(3)'s 14-day stay. As a result, Appellants asserted that the IRS violated Rule 4001 when it issued the notice of levy. They also asserted for the first time that the IRS's February 22, 2019 notice of levy is void ab initio. Appellants maintained that the IRS violated certain provisions of § 7433 and that they were entitled to damages.

On August 8, 2019, the Bankruptcy Court directed Appellee to file a letter brief by August 14, 2019 stating Appellee's position on the new argument Appellants raised for the first time in their reply brief that actions in violation of the automatic stay are void ab initio, rather than

3

voidable. Appellee subsequently filed a letter brief arguing that, if the court were to consider Appellants' argument that the IRS's levy action should be voided, the court should find that the equities in the case favored a retroactive annulment of the Rule 4001(a)(3) stay. The certificate of service filed with the letter brief indicates that the brief was filed with the court using the court's electronic case filing system and was served by first-class mail on Appellants.

At an August 16, 2019 hearing on Appellants' emergency motion, the Bankruptcy Court orally denied all relief sought by Appellants. The court issued written Court Minutes and Order on August 19, 2019, summarizing the rulings made at the hearing. The court dismissed Appellants' assertion that the IRS was in contempt of the order lifting the stay on the ground that the order permitted the IRS to only levy a total of $2,309.33 for the duration of the bankruptcy, noting that its oral ruling on February 20, 2019 and written orders on February 22, 2019 and April 3, 2019 plainly permitted the IRS to collect $2,309.33 on a monthly basis from Gary Pansier's pension income.

Though the Bankruptcy Court found that the IRS had violated Rule 4001(a)(3)'s 14-day stay when it prematurely issued the notice of levy to Prudential, it rejected Appellants' argument that they were entitled to damages under 11 U.S.C. § 362(k) as a result. The court concluded Appellants failed to demonstrate any concrete financial damages due to the mere issuance of the notice of levy on February 22, 2019, since the IRS did not actually collect from the notice of levy until after the 14-day stay expired on March 9, 2019. The Bankruptcy Court also rejected Appellants' contention that the April 3, 2019 order "reimposed" the automatic stay and was subject to Rule 4001(a)(3)'s 14-day automatic stay. The court explained that Rule 4001(a)(3) did not apply to the order because it was not an order granting a motion for relief from the automatic stay. It also found that the IRS did not violate the April 3, 2019 order on reconsideration because

the IRS did not apply the proceeds of the levy to the tax years that were excluded under that order and its application of the funds were consistent with the court's order.

The court denied Appellants' request that the IRS's February 22, 2019 notice of levy be declared void because the equities of the case weighed against doing so. It found that enforcing the stay under Rule 4001(a)(3) to render the IRS's February 22, 2019 notice of levy a nullity and then permitting the IRS to issue a new notice of levy to resume the same collection action would serve no bankruptcy or any other purpose but repetition and delay. Appellants would also receive a windfall from voiding the notice of levy based on what the Bankruptcy Court found to be a negligent mistake, rather than malicious intent. The Bankruptcy Court ultimately concluded that the IRS's notice of levy had retained its legal effect and is valid and enforceable to compel Prudential to submit $2,309.33 of Gary Pansier's pension income per month to the IRS. Appellants filed the instant appeal on September 30, 2019.

**ANALYSIS**

Federal courts have jurisdiction to hear appeals from bankruptcy court orders under 28 U.S.C. § 158(a). When reviewing the bankruptcy court's decision denying Appellants' requests for damages and to declare the IRS's notice of levy void and without legal effect, the court employs an abuse of discretion standard. *See English v. Cowell*, 969 F.2d 465, 472 (7th Cir. 1992). An abuse of discretion occurs when "no reasonable person could take the view adopted by the lower court." *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994). A district court reviews a bankruptcy court's determination of law de novo and its findings of fact for clear error. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009).

Appellants assert that the Bankruptcy Court improperly noted that they raised new arguments for the first time in their reply brief in support of the emergency motion and allowed Appellee to file a letter brief in response. They argue that they should have been permitted to file

5

a reply because the moving party should have the final word on a motion. Although the reply brief is normally the last word on the issue, when the movant presents a novel argument in his reply brief, the court may decline to consider the waived arguments or allow the other side an opportunity for rebuttal. *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) ("It is well-settled that new arguments cannot be made for the first time in reply." (citation omitted)). In this case, the Bankruptcy Court properly recognized that Appellants introduced new theories for relief in their reply brief. Rather than finding that the argument had been waived, the court allowed Appellee to file a letter brief responding to the new argument that the notice of levy was void ab initio, rather than voidable. The decision to prohibit further briefing on an issue is within the court's discretion. *See Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir. 1999). Were the rule otherwise, "the possibilities for continued briefing [would] become endless." *See Gold*, 876 F.2d at 1331 n.6 (citation omitted). In short, the Bankruptcy Court did not abuse its discretion in recognizing that Appellants introduced new theories for relief in their reply brief and in allowing Appellee to file a letter brief in response.

The court also rejects Appellants' contention that the Bankruptcy Court engaged in improper *ex parte* communication with Appellee or its counsel. Appellants suggest some impropriety must have occurred because Appellee did not present any argument at the August 16, 2019 motion hearing and the only way Appellee could have known that it did not have to present the arguments set forth in its letter brief would be a prohibited *ex parte* communication. Appellants' assertion that there has been any *ex parte* communication between Appellee and the Bankruptcy Court is unfounded. On August 8, 2019, the Bankruptcy Court directed Appellee's counsel to file a letter brief in a docket text. Appellee's counsel was served with the docket entry electronically, pursuant to the court's electronic filing system. Appellee filed its letter brief on August 14, 2019 and indicated in the certificate of service filed with the court that it served a copy

of the brief on Appellants via first-class mail. At the August 16, 2019 hearing, the Bankruptcy Court directed the parties to refrain from repeating arguments made in their written submissions. After Appellants made their arguments, Appellee indicated it had nothing more to add to the arguments already made in its briefs. Therefore, there is no evidence that the Bankruptcy Court engaged in *ex parte* communications with Appellee or its counsel.

Appellants further assert that their right to due process was violated because the Bankruptcy Court "vacated the bench" and litigated the matter on behalf of Appellee by discussing the arguments made in the letter brief. "An elementary and fundamental requirement of due process in any proceeding . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citation omitted). Appellants were given adequate notice and a meaningful opportunity to be heard and present their case. After the emergency motion became fully briefed, the Bankruptcy Court allowed the parties the opportunity to make their arguments regarding the motion at the August 16, 2019 hearing. The court did not make any arguments on Appellee's behalf during the hearing as Appellants suggest. Instead, the court summarized the positions of both parties raised in their written submissions, then issued a ruling. Appellants have failed to establish that their right to due process was violated.

Though Appellants claim that the Bankruptcy Court abused its discretion by basing its decision on a finding that the equities of the case weighed against declaring the IRS's February 22, 2019 notice of levy void and without legal effect without stating what facts it took into consideration, the Bankruptcy Court thoroughly considered the arguments presented and issued a reasoned decision. Rather than decide whether actions taken in violation of the stay are void rather than voidable, the court weighed the equities as permitted by the Seventh Circuit in

7

*Matthews v. Rosene*, 739 F.2d 249 (7th Cir. 1984), and concluded that they balanced against entering an order declaring the notice of levy void. The court found that enforcing the stay to render the February 22 notice a nullity would serve no bankruptcy purpose. It explained that it had already determined that the IRS is entitled to collect $2,309.33 from Gary Pansier's pension income per month and forcing the IRS to release its levy to only then allow the IRS to issue a new notice of levy immediately and continue the same collection activity would serve no purpose but repetition and delay. The court also noted that it would be inequitable to grant Appellants a windfall by invalidating the collection activity due to the IRS's negligent mistake. The court found that, while the IRS's counsel knew or should have known of Rule 4001(a)(3)'s 14-day stay requirement, there is no evidence that its agent knew of and intentionally disregarded the stay in issuing the notice of levy to Prudential. In addition, Appellants only presented unsupported allegations that they suffered damages as a result of the IRS's conduct, since the IRS did not actually collect from the notice of levy until after the 14-day stay expired on March 9, 2019. In sum, the Bankruptcy Court did not abuse its discretion in denying Appellants' emergency motion. Accordingly, the Bankruptcy Court's decision is **AFFIRMED**.

    **SO ORDERED** at Green Bay, Wisconsin this 10th day of February, 2020.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach, District Judge
                                                    United States District Court